UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| BETHANY SCHUSTER,<br>    Plaintiff, | : | CIVIL CASE NO. 3:26-cv-00247-SFR |
| v. | : | |
| LIBERTY BANK,<br>    Defendant. | : | MARCH 31, 2026 |

## MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6) and D. Conn. L. Civ. R. 7, the Defendant, Liberty Bank ("Defendant"), submits this memorandum of law in support of its Motion to Dismiss from Plaintiff's January 19, 2026 Complaint (the "Complaint") her claims for emotional distress under Counts One and Two, and her claims for attorney's fees and liquidated damages under Count Three.

## I.        PLAINTIFF'S COMPLAINT

Plaintiff is a former employee of Defendant.  (Complaint at ¶ 3.)  Plaintiff commenced this action in Connecticut Superior Court by serving on Defendant her Complaint.  The Complaint contains three (3) counts.  In Count One, Plaintiff alleges that Defendant interfered with Plaintiff's right to leave in violation of the federal Family and Medical Leave Act, 29 U.S.C. § 2612, et seq. (the "Federal FMLA").  In Count Two, Plaintiff alleges that Defendant subjected her to adverse action in retaliation for exercising her rights under the FMLA.  In Count Three, Plaintiff alleges that Defendant interfered with her rights under the Connecticut Family and Medical Leave Act, Conn. Gen. Stat. § 31-51pp (the "CT FMLA") and retaliated against her for exercising rights under the CT FMLA.

Plaintiff's Prayer For Relief seeks the following relief:

1. Monetary damages;
2. Reinstatement, or in lieu thereof, front pay;
3. Liquidated damages;
4. Attorneys' fees and costs of this Action; and
5. All other awardable relief.

On February 18, 2026, Defendant removed the Complaint to this Court.

As described below, Plaintiff's claims for emotional distress damages are unavailable under the Federal FMLA and should be dismissed. Similarly, Plaintiff's claims for attorney's fees and liquidated damages are unavailable under the CT FMLA and should be dismissed.

## II.        STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019)); *see also Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is appropriate for a court to grant a partial motion to dismiss where a plaintiff is seeking damages for a cause of action that are, as a matter of law, unavailable. *See, e.g., Passante v. Cambium Learning Grp.*, No. 23-CV-4060 (MKB), 2024 WL 4171026, at *18 (E.D.N.Y. Sept. 12, 2024) ("In addition, the Court dismisses Plaintiff's claims for emotional distress and punitive damages under her surviving FMLA claim.").

**III.    ARGUMENT**

**A. <u>The Federal FMLA Does Not Permit Recovery Of Emotional Distress Damages.</u>**

Plaintiff's Prayer for Relief seeks "monetary damages" and "[a]ll other awardable relief." Plaintiff alleges in Counts One and Two that she has "sustained substantial emotional distress…." (Complaint at ¶¶ 25, 33).  However, emotional distress damages are unavailable under the Federal FMLA.

As another court within this circuit recently explained:

The FMLA authorizes recovery for "wages, salary, employment benefits, or other compensation," or "any actual monetary losses sustained by the employee as a direct result of the [FMLA] violation, such as the cost of providing care." *See* 29 U.S.C. § 2617(a)(1)(A)(i). As a result, numerous courts within the Second Circuit have concluded that damages for emotional distress and punitive damages are not available under the FMLA. *See, e.g. Bailey v. Cheektowaga-Maryvale Union Free Sch. Dist.*, No. 23-CV-1083, 2024 WL 3228002, at *5 (W.D.N.Y. June 27, 2024) ("[P]unitive damages are not available under the FMLA." (citation omitted)); *Catania v. NYU Langone Health Sys.*, No. 22-CV-4362, 2022 WL 17539121, at *6 (S.D.N.Y. Dec. 5, 2022) ("[T]he FMLA does not provide any cause of action for pain and suffering or emotional distress suffered as a result of an FMLA violation." (alterations and internal quotation marks omitted) (quoting *Smith v. Westchester County*, 769 F. Supp. 2d 448, 469 n.23 (S.D.N.Y. 2011))); *Dennis v. Ultimus Fund Sols.*, No. 20-CV-2813, 2021 WL 3566593, at *5 (E.D.N.Y. Aug. 12, 2021) (dismissing the plaintiff's "claims for emotional distress and punitive damages" under the FMLA because neither was "recoverable in an FMLA action" (citations omitted)); *see also Ivens v. GK N. Childcare Corp.*, No. 23-2586, 2024 WL 382452, at *2 (7th Cir. Feb. 1, 2024) ("FMLA damages don't include emotional distress and punitive damages." (quoting *Arrigo v. Link*, 836 F.3d 787, 798 (7th Cir. 2016))); *Admore v. Hospice of Palm Beach Cnty. Inc.*, No. 22-12280, 2024 WL 371948, at *4 n.5 (11th Cir. Feb. 1, 2024) (finding that the district court did not err "when it excluded evidence regarding emotional distress or other non-pecuniary damages because [the plaintiff] was not entitled to such damages under the FMLA as a matter of law" (first citing 29 U.S.C. § 2617(a)(1)(A); and then citing *Harley v. Health Ctr. of Coconut Creek, Inc.*, 518 F. Supp. 2d 1364, 1370–71 (S.D. Fla. 2007))); *Pontes v. Rowan Univ.*, No. 20-2645, 2021 WL 4145119, at *5 (3d Cir. Sept. 13, 2021) ("The District Court correctly found that ... under the FMLA, [the plaintiff] is not entitled to punitive damages or damages for pain and suffering or emotional distress ...."); *Tablizo v. City of Las Vegas*, 800 F. App'x 612, (9th Cir. 2020) (" 'It is well-settled that the FMLA, by its terms, only provides for compensatory damages and not punitive damages,' as well as limited forms of equitable relief." (alteration omitted) (quoting *Farrell v. Tri-Cnty. Metro. Transp. Dist. of Or.*, 530 F.3d 1023, 1025 (9th Cir. 2008))).

*Passante*, 2024 WL 4171026, at \*17 (dismissing claims for emotional distress under the Federal FMLA).

As aptly explained by the *Passante* court, emotional distress damages are unavailable under the Federal FMLA, and any claims for such damages under Counts One and Two should be dismissed.

**B. <u>The CT FMLA Does Not Permit Recovery Of Attorney's Fees.</u>**

Plaintiff seeks in her Prayer for Relief "[a]ttorneys' fees and costs of this Action."  However, the CT FMLA does not authorize an award of attorney's fees or costs, and the Court should dismiss that claim.

Conn. Gen. Stat. § 31-51pp(e) provides that: "Any employee aggrieved by a violation of this section may bring a civil action in a court of competent jurisdiction against the employer within one hundred eighty calendar days of the employer action alleged to be in violation of this section." Nowhere in that subsection, or anywhere else in Conn. Gen. Stat. § 31-51pp, is recovery of attorney's fees or costs mentioned.

"When it comes to attorney's fees, Connecticut follows the American rule.... Pursuant to that rule, attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception."  (Citation omitted; internal quotation marks omitted.) *Lyme Land Conservation Trust, Inc. v. Platner*, 325 Conn. 737, 759-60 (2017).  A statute is required to contain "a clear expression of the legislature's intent to create a statutory exception [to the rule]." (Internal quotation marks omitted.) *Ames v. Commissioner of Motor Vehicles*, 267 Conn. 524, 532-33 (2004).  Courts will not presume that the legislature intended for a statute to create an exception to the long-standing common-law rule disallowing the recovery of attorney's fees where the statute "is devoid of any express language authorizing an award of attorney's fees." *Id*., 533.

Here, the statute authorizing a cause of action, Conn. Gen. Stat. §§ 31-51pp, does not permit recovery of attorney's fees.  Therefore, pursuant to established precedent, dismissal should enter as

4

to Plaintiff's claim for attorney's fees as to her CT FMLA claims in Count Three.

**C. The CT FMLA Does Not Permit Recovery Of Liquidated Damages.**

Plaintiff seeks in her Prayer for Relief "liquidated damages." However, as with attorney's fees, the CT FMLA does not authorize liquidated damages. This issue has been addressed by another court within this district, which found that "the remedy of liquidated damages is only available under the FMLA," not the CT FMLA. *Persky v. Cendant Corp.*, 547 F. Supp. 2d 152, 156 (D. Conn. 2008). Accordingly, Defendant is entitled to dismissal of Plaintiff's claims for liquidated damages under Count Three.

**IV.    CONCLUSION**

Defendant respectfully requests that Plaintiff's claims for emotional distress damages under the Federal FMLA, along with her claims for attorney's fees and liquidated damages under the CT FMLA be dismissed.

DEFENDANT,
LIBERTY BANK

By: _/s/ James M. Sconzo_
  James M. Sconzo, Esq. (ct04571)
  CARLTON FIELDS
  One State Street, Suite 1800
  Hartford, CT  06103
  Tel.: 860-392-5042
  Fax: 860-392-5058
  jsconzo@carltonfields.com

  Its Attorneys

5

## **CERTIFICATION**

I hereby certify that, on this 31st day of March, 2026, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

*/s/James M. Sconzo*
James M. Sconzo